# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TRAVIS WILLIAMS

    *Plaintiff,*

vs.

Case No. 16-1303-EFM-GEB

SHANE KNAUS, JARED KNAUS, THERESA WESLEY, and TONY GLEESON,

    *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Travis Williams, acting pro se, brings a Complaint against Defendants Shane Knaus, Jared Knaus, Theresa Wesley, and Tony Gleeson. The face of the Complaint alleges negligence, but the factual allegations describe an assault, property damage, and trespass. Williams also seeks a temporary restraining order (Doc. 3) against each of the Defendants. Three of the four defendants, each also acting pro se, have filed Motions to Dismiss Williams's Complaint (Docs. 4, 7, 8, 9). In their motions, the Defendants argue that Williams's Complaint is frivolous and should be dismissed on the merits. However, upon review of Williams's allegations, the Court finds that it is without jurisdiction to hear this matter. Thus, the Court *sua sponte* dismisses Williams's Complaint for lack of subject matter jurisdiction.

## I. Factual and Procedural Background

In his Complaint, Williams claims that the Defendants engaged in the following conduct:

> On, the date of July 24th, 2015, I Travis Williams was harassed and attacked by the Defendants who jumped in front of my vehicle and surrounded my vehicle before breaking my door handle and screaming threats while beating and kicking dents into my vehicle in their attempts to trespass onto my private property without my consent. I also have evidence such as photos of damaged vehicles dents and broken car handle as well as testimony from 2 eye witnesses. Defendants conspired against my rights and violated my rights to privacy and my right to ownership of property.

In his jurisdictional statement, Williams states that this Court "has subject matter jurisdiction pursuant to 35 USC 284, as well as Federal Question Jurisdiction 28 U.S. Code 1331." He additionally states that "[a]ll Defendants meet the minimum contact requirement due to all defendants residing within the State of Kansas."

## II. Legal Standard

Federal courts are courts of limited jurisdiction. As such, the Court has a duty to examine whether it has jurisdiction over a case *sua sponte*.[1] "It is well settled that a federal court must dismiss a case for lack of subject matter jurisdiction, even should the parties fail to raise the issue."[2] Despite Williams's pro se status, he is required to allege sufficient facts in his Complaint to show that the Court has subject matter jurisdiction over his claims.[3]

## III. Analysis

The Court must have subject matter jurisdiction to hear this case. There are two kinds of subject matter jurisdiction: federal question and diversity. Federal question jurisdiction exists if

---

[1] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

[2] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986).

[3] *Harris v. PBC NBADL, LLC*, 444 F. App'x 300, 301 (10th Cir. 2011).

the action arises under the Constitution, laws, or treaties of the United States.[4]  Diversity jurisdiction exists if the amount in controversy exceeds $75,000 and the plaintiff is a resident of a different state than each defendant.[5]

Williams claims that the Court has federal question jurisdiction, but he fails to identify any claim arising under the Constitution, federal law, or a United States treaty.  The face of his complaint alleges negligence, which is a state law claim.  And the substance of his complaint alleges assault, trespass, and property damage—these too are state law claims.  Even reading Williams's pro se Complaint liberally, as the Court is required to do,[6] the Court cannot find an allegation that supports federal question jurisdiction.  Nor does the Court have diversity jurisdiction.  Williams' complaint does not allege more than $75,000 worth of damages, and all of the parties are residents of Kansas.

Because Williams's Complaint demonstrates neither federal question nor diversity jurisdiction, the Court does have subject matter jurisdiction over this action.  Accordingly, the Court *sua sponte* dismisses Williams's Complaint against the Defendants for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff Travis Williams's claims against the Defendants are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff Travis Williams' Motion for a Restraining Order (Doc. 3) is **DENIED AS MOOT.**

---

[4] 28 U.S.C. § 1331.

[5] 28 U.S.C. § 1332.

[6] *Clark v. Lynch*, --- F. Supp. 3d ---, 2016 WL 5466389, at *1 (D. Kan. Sept. 29, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) ("A court liberally construes a pro se complaint and applies 'less stringent standards than formal pleadings drafted by lawyers.' ").

**IT IS FURTHER ORDERED** that Defendant Tony Gleeson's Motion to Dismiss (Doc. 4) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendant Theresa Wesley's Motion to Dismiss (Doc. 7) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendant Jared Knaus's Motion to Dismiss (Doc. 8) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendant Tony Gleeson's Amended Motion to Dismiss (Doc. 9) is **DENIED AS MOOT.**

**IT IS SO ORDERED**.

Dated this 21st day of December, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE